Filed 10/27/23  In re R.S. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re R.S., a Person Coming Under the Juvenile Court Law. | D082347 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. San Diego County No. EJ4854; Super Ct. Riverside County No. DPSW2300312) |
| v. | |
| C.S. et al., | |
| Defendants and Appellants. | |

APPEALS from orders of the Superior Court of San Diego County, Mark T. Cumba, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant, K.S.

Christopher R. Booth, under appointment by the Court of Appeal, for Defendant and Appellant, C.S.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Emily Harlan, Deputy County Counsel, for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

C.S. (Father) and K.S. (Mother) appeal from jurisdictional and dispositional orders concerning their child, R.S. (Child).  The sole issue on appeal is whether the juvenile court erred by finding that the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.) did not apply before the San Diego County Health and Human Services Agency (Agency) completed its initial inquiry under ICWA and Welfare and Institutions Code[2] section 224.2.  We affirm the jurisdictional and dispositional orders but remand the case for the limited purpose of compliance with ICWA inquiry requirements.

Section 224.2 imposes an "affirmative and continuing duty" upon the Agency and the juvenile court to inquire whether a child subject to juvenile dependency may be a child of Native American ancestry.  (§ 224.2, subd. (a).)  Subdivision (b) of section 224.2 creates an expanded duty of initial inquiry that requires the Agency to ask "extended family member[s]" and "others who have an interest in the child" whether the child may have Native American ancestry.  ICWA defines " 'extended family member' " to include the "child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent."  (25 U.S.C. § 1903(2); Welf. & Inst. Code, § 224.1, subd. (c) [" 'extended family member' . . . defined as provided in [§] 1903" of ICWA].)

---

[1]    We resolve this case by memorandum opinion because it "raise[s] no substantial issues of law or fact."  (Cal. Stds. Jud. Admin., § 8.1.)

[2]    Undesignated statutory references are to the Welfare and Institutions Code.

2

Mother and Father identify five individuals they claim the Agency was reasonably able to contact and should have asked about possible Native American heritage: a paternal aunt; two paternal uncles; an adult half-sibling; and a nonrelative extended family member (NREFM) who was the Child's caregiver.

As the Agency notes, the juvenile court questioned Child's adult half-sibling about potential Native American relatives or tribal connections at the first detention hearing, satisfying the duty of initial inquiry. However, the Agency agrees it did not inquire of Child's paternal aunt, paternal uncles, and the NREFM. It concedes that the NREFM has an "interest in the child" for purposes of section 224.2, subdivision (b), and identifies all of these individuals as "additional inquiry leads." We agree with the Agency's concession that it should make reasonable efforts to ask these individuals whether the Child may be a Native American child. Accordingly, we reverse the juvenile court's finding that ICWA does not apply and remand for compliance with ICWA. Because Mother and Father do not contest the jurisdiction and disposition orders on any other grounds, we otherwise affirm these orders. (See, e.g., *In re Damian C.* (2009) 178 Cal.App.4th 192, 199–200.)

DISPOSITION

The juvenile court's ICWA finding is reversed, and the jurisdictional and dispositional orders are otherwise affirmed. While this appeal was pending, the underlying action was transferred to the Superior Court of Riverside County. Accordingly, the matter is remanded to the Riverside County juvenile court (Super. Ct. Riverside County case No. DPSW2300312) with directions to comply with the inquiry and notice provisions of ICWA and section 224.2.

DO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


RUBIN, J.

4